17-1498
United States v. Huntley

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand eighteen.

PRESENT: JOHN M. WALKER, JR.,
           DENNIS JACOBS,
                      <u>Circuit Judges</u>,
           KATHERINE B. FORREST,
                      <u>District Judge</u>.*

- - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
           <u>Appellee</u>,

           -v.-                                17-1498

JOSEPH HUNTLEY,

---

\* Judge Katherine B. Forrest, of the United States District Court for the Southern District of New York, sitting by designation.

**Defendant-Appellant.**

- - - - - - - - - - - - - - - - -X

FOR APPELLANT:  Philip L. Weinstein, Federal
Defenders of New York, Inc., New
York, NY.

FOR APPELLEE:  Karl Metzner (Timothy V. Capozzi,
on the brief), Assistant United States
Attorneys, for Geoffrey S. Berman,
United States Attorney for the
Southern District of New York, New
York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-appellant Joseph Huntley appeals from a May 5, 2017 judgment convicting him, following a guilty plea, of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), as well as the same court's judgment revoking supervised release. On appeal, Huntley argues that the government steered his firearms offense case to the judge presiding over his supervised release violation, which undermined the basic fairness of the proceedings and violated due process because that judge had already warned that Huntley would be treated harshly. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

To begin, the appellant lacks standing to appeal an assignment decision by the Assignment Committee of the Southern District of New York. As the government explains, the preamble to the Rules for the Division of Business

Among District Judges for the Southern District of New York ("Rules for the Division of Business") states that "[t]hese rules are adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys . . ." Id. at 101.

Even if Huntley had standing to appeal the assignment of his firearms offense to Judge Sullivan, the government did not violate any of the Court's Local Rules. Rather, the government's July 21, 2016 letter advised the court of the overlapping nature of Huntley's two cases, as is common practice for the government. See e.g., United States v. Borker, No. 10-CR-1266 (RJS), No. 17-CR-391 (PGG) (June 22, 2017 letter). Contrary to Huntley's assertions, the government made clear that the cases were not related for the purposes of Rule 13 of the Rules for the Division of Business, nor did the Assignment Committee treat the cases as such. The firearms offense case was reassigned to Judge Sullivan for efficiency reasons, and done under Rule 14 of the Rules for the Division of Business.

Huntley's allegation that the perceived unfairness of the proceedings violated his due process rights rests on the false premise that the government improperly steered the firearms offense to a specific judge. Huntley deems it suspicious that the July 21, 2016 letter was dispatched immediately after Judge Sullivan warned Huntley that he would have to face the consequences of violating his parole. But, as noted, such letters constitute a common practice; as Huntley's own brief concedes: "[i]t is common for a sentencing Judge to warn a defendant of harsh consequences for any violation of supervised release." Appellant's Br. at 13.

Accordingly, the order of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3